FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL DAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MELODY STUPEY, SAMIR AZIZ, A. SCHERES, MR. DUINICH, JOHN AND JANE DOES (all members of the CRC Board), JOHN OR JANE DOE (Director of Mental Health), JOHN DOE GARBERG, JOHN DOE ESTEP, JOHN DOE THORNHILL, DEVIN ANTONIETTI, NATHAN BURT and JOHN DOE DAVIS,<br><br>　　　　　Defendants. | No. 2:23-CV-00264-MKD<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE |

BEFORE THE COURT is Plaintiff Daniel Day's Second Amended Complaint, received on February 20, 2024, ECF No. 16, along with a copy of his initial 44-page complaint, ECF No. 16-1. It was not necessary for Plaintiff to submit documents already on file with the Court. In addition, the Court clearly instructed

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 1

Plaintiff that any amended complaint may not incorporate any part of the original or First Amended Complaint by reference. *See* ECF No. 9 at 11; ECF No. 13 at 7. To the extent Plaintiff invites the Court to refer to his initial complaint, ECF No. 16 at 9, 11, 12, 14, 19, and 30, the Court declines to do so.

By Order filed December 20, 2023, the Court granted Plaintiff a second and final opportunity to amend his complaint. ECF No. 13. The Court extended the deadline to do so on January 8, 2024, ECF No. 15, and this timely Second Amended Complaint followed, ECF No. 16. Plaintiff, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se* and *in forma pauperis*. The Court has not directed service on Defendants.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)), *overruled in part by Lacey*, 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled). Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, Defendants H. Alijagic and CRC Board have been

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 2

**TERMINATED** from this action and Defendants Samir Aziz, A. Scheres, Mr. Duinich, John and Jane Does (all members of the CRC Board), John or Jane Doe (Director of Mental Health), John Doe Garberg, John Doe Estep, John Doe Thornhill, Devin Antonietti, Nathan Burt, and John Doe Davis were added.

Reviewing the Second Amended Complaint in the light most favorable to Plaintiff, however, the Court finds that Plaintiff has failed to cure the deficiencies of his two prior Complaints and the Second Amended Complaint does not state a claim upon which relief may be granted. The Court cautioned Plaintiff that if the Second Amended Complaint were found to be frivolous, malicious, or failed to state a claim, it would be dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).

## REVIEW OF SECOND AMENDED COMPLAINT

A. Count I

In his "Count I," Plaintiff asserts violations of his Eighth Amendment and Procedural Due Process rights. ECF No. 16 at 5. Plaintiff states that he suffers from a "Mental/Psychological Disability called ADHD," presumably Attention Deficit Hyperactivity Disorder, which he claims is a serious medical need. *Id*. Plaintiff states that he informed Defendant Stupey on October 4, 2021, that he had been treated with Ritalin/Methylphenidate for "most of [his] life[,]" but she required "medical records of my Disability to prescribe me Ritalin." *Id.* at 9. Plaintiff complains that for 17 months Defendant Stupey failed to obtain his medical records,

1 allegedly in violation of his "Eighth Amendment, conditions of confinement,
2 medical care, and due process, deliberate indifference." *Id.* Then, when Plaintiff's
3 mother obtained and sent his medical records in February 2023, Defendant Stupey
4 denied his request for Ritalin, stating she needed "more records/information." *Id.*

5     Plaintiff states that for five months, Defendant Stupey stated that she could not
6 obtain pharmacy records showing Plaintiff had been prescribed Ritalin/
7 Methylphenidate. *Id*. at 11. Plaintiff contends that when Plaintiff's mother obtained
8 and sent his pharmacy records in July 2023, Defendant Stupey still denied him
9 Ritalin. *Id*.

10     Plaintiff asserts that from October 4, 2021, to October 20, 2023, Defendant
11 Stupey prescribed him an "unwanted medication" to treat his ADHD, but then
12 "ignored" his complaints that the medication was not working, and "continued
13 administering of harmful, ineffective, or counter-productive medication." *Id*.
14 Plaintiff states that on November 10, 2022, Defendant Stupey had presented his case
15 to the John and Jane Doe members of the CRC Board, presumably the Care Review
16 Committee, seeking approval for Ritalin to treat Plaintiff's ADHD. *Id*. at 12.
17 Plaintiff contends that when they denied approval, they violated his "Eighth and
18 fourteenth conditions of confinement and due process clause right to adequate
19 conditions." *Id*. He claims they denied or delayed "necessary medical treatment,"
20 and that they were deliberately indifferent when they "denied me psychiatric care by

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH
PREJUDICE AND IN PART WITHOUT PREJUDICE - 4

not treating my psychological Disability with medication." *Id*. Plaintiff claims that Defendant Dr. Samir Aziz, the Chief of Psychiatry, "also denied me medication Ritalin which violated the above rights." *Id*.

Although Plaintiff claims, "Defendant disregards excessive risk to inmates health or safty [sic]," he presents no facts supporting this conclusory assertion. *Id*. at 12-13. Plaintiff asserts that Defendants denied him Ritalin because "defendant Stupey failed to do her job properly to obtain my medical records." *Id*. at 13. Plaintiff contends that Defendant Stupey could have appealed the CRC decision but failed to do so. *Id*. Plaintiff states his own appeal was denied. *Id*.

Plaintiff complains that even after he presented his medical and pharmacy records to Defendant Stupey, he was still not prescribed Ritalin. *Id*. He claims that Defendant Stupey knew that he "continued to have problems with symptoms of my disability and defendant denied me treatment." *Id*. At worst, Plaintiff has alleged a difference of opinion regarding the medication he should have received during this time period, which does not rise to the level of an Eighth Amendment violation. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that in October 2023, another prisoner assisted him with filing a civil action and a PRP, presumably a Personal Restraint Petition. ECF No. 16 at 13. He claims that on November 2, 2023, when he encountered Defendant Stupey in the "medical hallway," she told him that "she didn't forget about me, and that I was

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 5

1 again denied Ritalin two weeks prior, but that she finely [sic] has obtained enough
2 information and is going to present my case again on Nov. 9th 2023." *Id*. at 13-14.
3 Plaintiff states that this request for Ritalin was approved by the Psychiatry CRC. *Id*.
4 at 14.
5      Plaintiff's assertion that Defendant Stupey was negligent in the acquisition of
6 his medical and pharmacy records and other information necessary to successfully
7 obtain authorization to prescribe Ritalin is insufficient to state a constitutional
8 violation.  Plaintiff offers "no authority for the proposition that [a prison medical
9 provider has] a constitutional duty to obtain personal medical records from outside
10 the prison." *See, e.g., Hott v. Hennepin County*, 260 F.3d 901, 906 (8th Cir. 2001).
11 Any claim regarding the allegedly negligent withholding of Ritalin does not rise to
12 the level of an Eighth Amendment violation.  *See Toguchi v. Chung*, 391 F.3d 1051,
13 1060 (9th Cir. 2004).
14      Although Plaintiff complains of a 25-month delay in obtaining Ritalin, ECF
15 No. 16 at 14, he presents no facts suggesting that Ritalin had been deemed medically
16 necessary for the treatment of his ADHD in the preceding months.  The fact Plaintiff
17 ultimately obtained Ritalin, approximately two months after he initiated this action,
18 does not support an inference that Defendants were deliberately indifferent to his
19 serious medical needs.  Plaintiff has failed to present facts sufficient to state an
20 Eighth Amendment violation against Defendants Stupey.  Plaintiff's allegations

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH
PREJUDICE AND IN PART WITHOUT PREJUDICE - 6

1  against the John and Jane Doe members of the CRC Board in November 2022 and
2  Dr. Samir Aziz, the Chief of Psychiatry, for denying Plaintiff Ritalin based on the
3  information presented to them, is insufficient to support a claim of deliberate
4  indifference to a serious medical need.

5  Plaintiff complains that he was treated with anti-depressants when he was not
6  depressed, which then made him depressed and distorted his thinking and made him
7  feel "unloved & unworthy to life." *Id*. at 15. Although Plaintiff claims to have
8  "attempted suicide," *id.,* he does not state when this occurred, or present any facts
9  from which the Court could infer that identified Defendants knowingly prescribed
10 medications that would induce suicidal ideations and then failed to take measures to
11 abate the risk of suicide. Plaintiff does not state that he reported suicidal ideations to
12 identified Defendants or present any facts from which the Court could infer
13 deliberate indifference to his serious mental health needs.

14 Plaintiff states that the medications made his "Body & Brain feel different in a
15 bad way, they gave me stomach aches, felt nauseated, where [he] would vomit." *Id*.
16 Plaintiff states that he experienced, "headaches, have Muscle Aches, cramps,
17 spasms, & twitching. At times become lightheaded to where [he] would stumble, or
18 Fall onto the cement floor or ground, getting scrapes, scratches, bruies [sic] and
19 bumps." *Id*. He claims to have "loss of Kenntic control of body motion to where I
20 cant sit still – my hands, body & feet are constantly moving from being

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH
PREJUDICE AND IN PART WITHOUT PREJUDICE - 7

Hyperkinetic." *Id*. (as written in original). Plaintiff also complains of tense muscles and chronic pain in his neck and shoulders, slow reflexes, and distorted eyesight. *Id*. He claims that he was dehydrated. *Id*. Plaintiff does not state that he was denied treatment for any of these conditions.

Plaintiff asserts that his inability to focus occasionally interfered with his ability to work. *Id*. at 15-16. He complains that a nine-month drug treatment program took him over 18 months to complete. *Id*. at 16. He complains that having to "write and think" about this Complaint has caused him "mental Anguish and unwanton Emotions like feeling stupid & dumb, having low self-worth, self-esteem, and sorrow." *Id*. Plaintiff states that he has "high Anxiety, deep depressed, stressed, and have had a tremendous amount of frustrations." *Id*. He avers, "At times been very angry, have had Impulsive Verbal outbursts, towards correctional officers, and others, including Arguments, to where most of my time I've had to Isolate myself in my cell to protect myself from the Fear of Injury or harm to myself or others, from any Sort of Violence, getting myself into trouble w/infractions or from being put in the (hole) Segregation." *Id*. (as written in original).

Plaintiff asserts, "My ADHD Symptoms Effects my Activities of Daily living (ADL's), which defendants knew and disregarded it." *Id*. Plaintiff indicates that it affected his personal hygiene, causing rashes and body odor. *Id*. at 16-17. He seems to complain that the combination of poor dental hygiene and the provision of

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 8

inadequate dental care during the COVID-19 pandemic has resulted in his teeth being not "fixable" so that he rarely smiles, fearing "humiliation and insecurities." *Id*. at 17.

Plaintiff asserts that due to his ADHD Symptoms, he has "difficulty paying attention, Impulsiveness, restlessness, and have a problem being able to relax and getting to sleep on a daily bases." *Id*. (as written in original). Plaintiff states that he becomes "overwhelmed" when he is not "in hyperforcus." *Id*. He complains: "Nothing gets sustained, undivided attention. Nothing gets done well. So, I believe that the defendants completely disregarded what ADHD is, and what Symptoms a person w/ADHD has, from not having proper knowledge of ADHD or completely didn't care. Because of this, the defendants violated my Rights that I have Explained and Stated in this Complaint and caused me this Injury and harm. and the failure to address psychiatric problems." *Id*.

While Plaintiff asserts emotional suffering, the Court is unable to infer from Plaintiff's assertions that identified Defendants were deliberately indifferent to his serious medical needs. Furthermore, a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury. 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002). Plaintiff did not make this showing. For the reasons stated above, Plaintiff's claims against Defendants Dr. Stupey, the John and Jane Doe members of the CRC

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 9

Board, and Dr. Aziz will be dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

### B. Count II

In his "Count II" Plaintiff states that his First, Eighth and Fourteenth Amendment rights were violated by Defendants Antonietti, Estep, Thornhill, Garburg, Duinich, Burk[1], Scheres and Davis. ECF No. 16 at 10. Plaintiff accuses these Defendants of depriving him of sleep and when they "had knowledge of this

---

[1] Plaintiff identifies "Nathan Burt," described as the Chief of Psychiatry at Airway Heights Corrections Center, and "John Doe Garberg," described as a "CUS N-Unit," in the caption of the Second Amended Complaint and as listed Defendants, ECF No. 16 at 3, 8, but then identifies a Defendant "Burk," and a Defendant "Garburg" in the body of his complaint. *Id*. at 10. A plaintiff should be consistent in identifying and presenting claims against defendants. Nevertheless, Plaintiff has failed to present a cognizable claim against either Defendants Burt or Burk, or Garberg or Garburg. Having granted Plaintiff several opportunities to amend and extensions of time to do so, the Court finds that it would be futile to offer further opportunities to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 10

1  deprivation and did nothing to Alleviate the deprivation of sleep." *Id*. (as written in

2  original). Plaintiff states that he was moved from a minimum custody unit to a

3  medium custody unit despite his minimum custody status and against Department of

4  Corrections regulations. *Id*. Plaintiff indicates that this move was done in part to

5  accommodate a "HSR" requiring him to be housed on a lower tier. *Id*. Plaintiff

6  appears to also complain of incessant noise. *Id*. at 18.

7        The Court notes that neither Defendants Antonietti, Estep, Thornhill, Garburg,

8  Duinich, Burk, Scheres and Davis, nor any claims regarding Plaintiff's alleged sleep

9  deprivation[2] or alleged retaliatory confiscation of earplugs, *id.* at 10, 18, and 20-29,

---

[2] It appears implausible that Plaintiff could have fully exhausted sleep deprivation issues, which he claims occurred in January and February 2024, prior to presenting his Second Amended Complaint on February 20, 2024. A prisoner may not bring a lawsuit with respect to conditions of confinement under §1983 unless all available administrative remedies have been exhausted. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 11

were presented in the initial complaint. Therefore, they are not properly joined in this action. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to a lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Therefore, the Court will not permit Plaintiff to change the nature of this suit by adding new claims against new

other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Jones v. Bock,* 549 U.S. 199, 218 (2007) ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Plaintiff should be aware that any claim which is not exhausted may be subject to dismissal for failure to exhaust.

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 12

Defendants, unrelated to his original complaint. *See George*, 507 F.3d at 607. Consequently, the claims asserted in "Count II" against Defendants Antonietti, Estep, Thornhill, Garburg, Duinich, Burk, Scheres and Davis will be dismissed without prejudice.

**C. Count III**

In his "Count III," Plaintiff accuses Defendants "Stupey, C/O Antonietti, CUS Garburg, Sgt. Thornhill, Aziz, Samir, and all other Defendants" of violating his Eighth Amendment rights concerning medical care and conditions of confinement "as said in count 1 and count 2." ECF No. 16 at 18. Plaintiff presents no further factual allegations against these Defendants, but rather asks the Cout to "please see Original Complaint." Plaintiff has failed to state a claim upon which relief may be granted in his Count III.

For the reasons set forth above, and in the prior Orders to Amend or Voluntarily Dismiss Complaint, ECF Nos. 9 and 13, the Second Amended Compliant, ECF No. 16 is **DISMISSED** in part with prejudice for failure to state a claim against Defendants upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and in part without prejudice as improperly joined under Fed. R. Civ. P. 18 and 20.

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 13

Because this dismissal was not made exclusively pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), the Court finds that it would **not** be a qualifying dismissal under 28 U.S.C. § 1915(g).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Second Amended Complaint is **DISMISSED in part with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and **in part without prejudice** as improperly joined under Fed. R. Civ. P. 18 and 20.

2. The Court certifies that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

**DATED** March 6, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE - 14